FILED

NOT FOR PUBLICATION

DEC 23 2014

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

GREGORY ELL SHEHEE, aka Gregory
Shehee,

            Petitioner - Appellant,

  v.

LEROY BACA,

            Respondent - Appellee.

No. 09-56130

D.C. No. 2:08-cv-06480-FMC-E

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Florence-Marie Cooper, District Judge, Presiding

Argued and Submitted December 8, 2014
Pasadena, California

Before: GRABER, GOULD, and CALLAHAN, Circuit Judges.

    Petitioner Gregory Shehee appeals the district court's judgment dismissing

his application for habeas relief pursuant to the abstention principles established in

Younger v. Harris, 401 U.S. 37 (1971).  We have jurisdiction under 28 U.S.C.

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

§ 1291. Reviewing de novo, see Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013), we affirm.

The district court properly dismissed Petitioner's application for habeas relief. Younger abstention generally is appropriate when "(1) there are ongoing state judicial proceedings, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise federal questions." Dubinka v. Judges of Superior Court, 23 F.3d 218, 223 (9th Cir. 1994) (internal quotation marks omitted). Where, as here, a petitioner seeks to adjudicate in federal court the merits of a speedy trial claim before the state-court proceeding concludes, Younger abstention is proper "unless the petitioner [can] show that 'special circumstances' warrant[] federal intervention." Carden v. Montana, 626 F.2d 82, 83 (9th Cir. 1980). At the time the district court dismissed Petitioner's application, his state commitment proceedings remained ongoing. No "special circumstances" existed to warrant departure from the Younger rule.

**AFFIRMED.**